UNITED STATES of America, Appellee

v.

Donnie GODDARD, Appellant.

No. 04–3053.

United States Court of Appeals,
District of Columbia Circuit.

March 20, 2006.

Roy Wallace McLeese, III, Assistant U.S. Attorney, Thomas Sinclair Rees, Assistant U.S. Attorney, David Brian Goodhand, Assistant U.S. Attorney, Kenneth L.

Wainstein, U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

A. J. Kramer, Federal Public Defender, Neil H. Jaffee, Assistant Federal Public Defender, Lisa Burget Wright, Assistant Federal Public Defender, Federal Public Defender, Washington, DC, for Appellant.

Before: SENTELLE, BROWN, and GRIFFITH, Circuit Judges.

*JUDGMENT*

PER CURIAM

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs by counsel pursuant to D.C.Cir. R. 34(j). It is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

Donnie Goddard ("Goddard") appeals from the judgment of the District Court that sentenced him to fifty-one months in prison after a jury found him guilty on a single count of unlawful possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). Goddard argues on appeal that the government failed to show an adequate chain of custody for the firearm and ammunition, which he claims were improperly admitted into evidence.

On June 20, 2003, Washington Metropolitan Police officers on patrol in the 1300 block area of Belmont Street N.W. heard gunfire, then saw Goddard throw a weapon into a yard and run down an alleyway. The officers gave chase and caught Goddard. A search of the yard recovered a gun and eleven bullets, which were sealed in an evidence bag. At trial, Goddard objected to the introduction into evidence of the gun and bullets because the previously sealed evidence bag had been opened and only

nine, rather than eleven, bullets remained. The government had no explanation why the bag was no longer sealed and two bullets were missing, but offered the testimony of the officer who had found the gun at the crime scene that he believed the gun at trial was the same gun he had found. He recalled the make, model, and color of the gun, and they matched the gun at trial. After inspecting the serial number on the gun at trial, the officer testified that he believed that it matched the serial number of the gun he found at the crime scene as described in a contemporaneous police report that he reviewed on the stand. The District Court admitted the gun and the bullets into evidence.

The District Court's determination regarding authenticity of evidence is reviewed for a "clear abuse of discretion." *United States v. Blackwell,* 694 F.2d 1325, 1330 (D.C.Cir.1982); *see also United States v. Lane,* 591 F.2d 961, 963 n. 7 (D.C.Cir.1979). The Court begins its analysis with a presumption "that the integrity of evidence routinely handled by government officials was suitably preserved." *Lane,* 591 F.2d at 962; *see also United States v. Stewart,* 104 F.3d 1377, 1383 (D.C.Cir.1997). This presumption is "rebutted with a minimal showing of bad faith or evidence of tampering. However, the government's burden to show a proper chain of custody only requires it to demonstrate that as a matter of reasonable probability possibilities of misidentification ... have been eliminated." *Stewart,* 104 F.3d at 1383 (internal citation omitted); *see also Lane,* 591 F.2d at 962–63; *United States v. Robinson,* 447 F.2d 1215, 1220 (D.C.Cir. 1971); *Gass v. United States,* 416 F.2d 767, 770 (D.C.Cir.1969). Once this burden is met, the evidence is admitted and the jury is permitted to consider its probative value. "So long as the court is persuaded that as a matter of normal likelihood the evidence has been adequately safeguarded, the jury should be permitted to consider

and assess it in light of the surrounding circumstances." *Lane,* 591 F.2d at 963. Here, the unsealed bag and missing bullets rebutted the presumption "that the integrity of evidence routinely handled by government officials was suitably preserved." *Id.* at 962. The government, however, met its burden by demonstrating, through the testimony of the officer who found the gun at the crime scene, a "reasonable probability" that the chain of custody for the gun was preserved and that the gun in the evidence bag was the same gun the police found at the crime scene. Because the statute makes unlawful the possession of either a firearm *or* ammunition we need not reach the issue of the authenticity of the ammunition.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.